HUGH ANTHONY LEVINE (CSBN 69857)
345 Franklin Street
San Francisco, CA 94102
Telephone: (415) 732-6101
Facsimile: (415) 255-7264
Email: halesq@ix.netcom.com

Attorney for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 08-0251-MMC |
| ) | |
| Plaintiff, ) | DEFENDANT'S SUPPLEMENTAL MOTION |
| ) | *IN LIMINE* AS TO NEWLY-PROVIDED |
| vs. ) | EVIDENCE. |
| ) | |
| FREDERICK LIM JOHNSON, ) | |
| ) | Date: July 28, 2009 |
| Defendant. ) | Time: 3:00 p.m. |
| ) | |

Defendant submits the within supplemental motion *in limine* regarding an item of proposed evidence which the government provided in discovery today.

                                              Respectfully submitted,

                                              _____/s/_____

                                              HUGH ANTHONY LEVINE

                                              Attorney for Defendant

**Defendant's Supplemental Motion *in Limine***      1

Today (July 17, 2009) the defense received a discovery transmittal from the government containing an item of evidence the government presumably intends to offer at trial, to wit, a handwritten letter dated 11-12-07 the defendant wrote to Judge Jenkins regarding his then-impending sentence upon his conviction, after jury trial, of felon-in-possession of a firearm.

The letter states, among other things: "I'm a grown man, Your Honor, I know right from wrong.  Unfortunately I have a sickness . . . gambling.  I need help, Your Honor.  This is the very reason why I find myself trapped through this revolving door.  I'm not afraid to admit it anymore, especially when everyone tells me so.  Please know that when I'm gambling, I'm caught up in this rush.  I have no control and therefore at that moment nothing else matters.  Please, Judge Jenkins, try and understand."

It can be anticipated that the government will contend that this letter is relevant and admissible on the issue of defendant's motive for robbing banks, buttressed by evidence that during four of five days of surveillance in May of 2007 the defendant was observed visiting casinos.

Defendant contends that this letter and any testimony regarding it should be excluded in the government's case-in-chief as inadmissible character evidence, since an addiction fits the definition of "character, *i.e.*, "a general disposition to act regularly in a particular way without regard to the specific situation the person with the particular character trait faces" (Cotchett, *Federal Courtroom Evidence* (5th ed.), §404.2, p. 9-8).

Moreover, the letter and any testimony regarding it should be excluded in the government's case-in-chief because its speculative probative value is substantially outweighed by the danger of unfair prejudice within the meaning of FRE 403.  A considerable component of that prejudice will arise from inevitable speculation by the jurors about why the defendant was writing a letter to a federal judge in the first

**Defendant's Supplemental Motion** *in Limine*          2

1 place, particularly a letter giving rise to a strong inference that it is
2 a plea for leniency in sentencing.  In this regard, the government in its
3 "Opposition to the Defendant's Motions in Limine" (Document 86, p. 2, ¶2)
4 acknowledges that "reference to the actual proceedings [in defendant's
5 felon-in-possession trial] would not be appropriate to reference in the
6 presence of the jury, …."

Dated:  July 17, 2009

                                      Respectfully submitted,

                                      _____/s/_____

                                      HUGH ANTHONY LEVINE
                                      Attorney for Defendant