HUGH ANTHONY LEVINE (CSBN 69857)
345 Franklin Street
San Francisco, CA 94102
Telephone: (415) 732-6101
Facsimile: (415) 255-7264
Email: halesq@ix.netcom.com

Attorney for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 08-0251-MMC |
| ) | |
| Plaintiff, ) | DEFENDANT'S SECOND SUPPLEMENTAL |
| vs. ) | MOTION *IN LIMINE* |
| ) | |
| FREDERICK LIM JOHNSON, ) | |
| ) | Date:  July 28, 2009 |
| Defendant. ) | Time:  3:00 p.m. |
| _____) | |

Defendant submits the within second supplemental motion *in limine* regarding a matter of evidence mentioned on the government's witness list, filed on July 21, 2009.

                                                  Respectfully submitted,

                                                  _____/s/_____
                                                  HUGH ANTHONY LEVINE
                                                  Attorney for Defendant

*Deft's Second Supp. Mtn. in Limine*     1

1  **Exclude testimony by Mike Puente that Mr. Johnson told him,**
2  **in reference to his 2003 bank robbery conviction, that he enjoyed**
3  **the thrill of robbing banks.**
4  In the government's preliminary witness list, filed on July
5  21st, Mike Puente is listed as a witness (¶25, p. 4), and it is
6  recited that "Puente will also testify that the defendant told him
7  that he enjoyed the thrill of robbing banks."
8  From discovery heretofore provided, to wit, a report of
9  interview of Mr. Puente on June 20, 2007 by FBI Agents Guy and
10 Sparrow (FLJ000142), it is manifest that this statement by Mr.
11 Johnson was a reference to the facts of his 2003 bank robbery case
12 rather than an admission about the facts of the instant case.  The
13 statement in its entirety is contained in the last paragraph of the
14 report of interview, which reads:
15     "PUENTE recalls a conversation with JOHNSON whereby he
16     asked JOHNSON about having to rob banks if his parents
17     were wealthy.  JOHNSON said he enjoyed the thrill of
18     robbing banks.  JOHNSON said his group was known as the
19     Baby Face Bandits and that PUENTE could possibly look it
20     up on the internet.  JOHNSON tried to emphasize to
21     PUENTE that he was starting a clean slate and if he did
22     anything illegal again, he would go away to prison for
23     life."
24
25 The reference to the Baby Face Bandits, which was the name
26 given by law enforcement officers to Johnson and his co-robbers in
27 the 2003 case (United States v. Frederick Johnson, Mark Padua,
28 Robert Gordon and David Fiame, CR 03-0141-CRB), makes it manifest

*Deft's Second Supp. Mtn. in Limine*         2

that this statement concerned his past criminal activity, not current or intended criminal activity, as does the reference to "starting a clean slate", etc.

Accordingly, evidence from Mr. Puente or any other witness about these statements has marginal probative value with respect to the instant case, which value is substantially outweighed by the extreme prejudice worked by any reference to Mr. Johnson's criminal past.  FRE 403.  In this regard, the government in its "Opposition to the Defendant's Motions in Limine" (Document 86, p. 2, ¶2) acknowledges that "reference to the actual proceedings [in defendant's past felon-in-possession trial] would not be appropriate to reference in the presence of the jury, …."

In the event that this evidence is referred to in the jury's presence, defendant moves for a mistrial on the grounds stated.

Dated:  July 23, 2009

                                      Respectfully submitted,

                                      _____/s/_____

                                      HUGH ANTHONY LEVINE
                                      Attorney for Defendant