IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FREDERICK LIM JOHNSON,<br><br>　　　　Defendant. | No. CR 08-0251 MMC<br>[Civil Case No. 12-1417 MMC]<br><br>**ORDER DENYING DEFENDANT JOHNSON'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

　　　　Before the Court is defendant Frederick Lim Johnson's "Motion Under 28 USC § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody," filed March 21, 2012. Having read and considered the motion, the Court rules as follows.

　　　　In his motion, defendant raises three claims: (1) the prosecutor violated defendant's Fifth Amendment rights as set forth in Doyle v. Ohio, 426 U.S. 610 (1976), by commenting on his failure to deny the charges after his arrest; (2) the prosecutor assertedly elicited testimony in violation of an in limine order precluding evidence as to defendant's having previously been incarcerated; and (3) the cumulative effect of the two errors deprived defendant of a fair trial. The same three claims, however, were made on direct appeal, and each was rejected by the Court of Appeals for the Ninth Circuit. See United States v. Johnson, 423 Fed. Appx. 750, 750-51 (9th Cir. 2011) (holding "any Doyle error was harmless," that "any error regarding the three objected to brief statements suggesting

1  [defendant's] prior incarceration was harmless," and that "any cumulative error . . . was
2  harmless"). Consequently, those three claims "cannot be the basis of a § 2255 motion."
3  See United States v. Redd, 759 F.2d 699, 700-01 (9th Cir. 1985) (holding, where defendant
4  unsuccessfully argued on direct appeal that revocation of probation violated double
5  jeopardy, defendant could not base later-filed § 2255 motion on same claim).
6      Accordingly, defendant's motion is hereby DENIED.
7      Further, a certificate of appealability is hereby DENIED, for the reason that
8  defendant has not made a "substantial showing of the denial of a constitutional right." See
9  28 U.S.C. § 2253(c)(2); see also Rules Governing Section 2255 Proceedings Rule 11(a)
10 (providing district court must issue or deny certificate of appealability when entering final
11 order adverse to defendant).
12 **IT IS SO ORDERED.**

14 Dated: April 13, 2012

                                              MAXINE M. CHESNEY
                                              United States District Judge