IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br>  v.<br>FREDERICK LIM JOHNSON,<br>  Defendant. | Case No. 08-cr-00251-MMC-1<br><br>**ORDER RE: DEFENDANT'S LETTER DATED JULY 17, 2016**<br>Re: Dkt. No. 188 |

Before the Court is defendant's letter, dated July 17, 2016, and filed July 25, 2016, by which defendant requests the Court appoint counsel to represent him for the purpose of challenging his sentence under Johnson v. United States, 135 S. Ct. 2551 (2015).

In Johnson, the Supreme Court held the "residual clause" of the Armed Career Criminal Act ("ACCA") unconstitutional. The "residual clause" is found in a section of the ACCA defining the term "violent felony" and is set forth below in italics:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
>   (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
>   (2) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

See 18 U.S.C. § 924(e)(2)(B) (emphasis added). The term "violent felony," in turn, is found in another section of the ACCA, which provides that "a person who violates section

922(g) of [title 18] and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another," shall be "imprisoned not less than fifteen years."  See 18 U.S.C. § 924(e)(1).

Here, however, defendant was not sentenced pursuant to the ACCA, but rather pursuant to the federal "three-strikes law."  See 18 U.S.C. § 3559(c).  The three-strikes law provides, in relevant part, as follows:

> Notwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if—
>
> (A) the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of—
>
> (i) 2 or more serious violent felonies; or
>
> (ii) one or more serious violent felonies and one or more serious drug offenses; and
>
> (B) each serious violent felony or serious drug offense used as a basis for sentencing under this subsection, other than the first, was committed after the defendant's conviction of the preceding serious violent felony or serious drug offense.

See 18 U.S.C. § 3559(c)(1).  For purposes of the three-strikes law, "robbery (as described in [18 U.S.C.] section 2111, 2113, or 2118)" is a "serious violent felony."  See 18 U.S.C. § 3559(c)(2)(F)(i).

In the above-titled case, defendant was convicted of violating 18 U.S.C. § 2113, which as noted, qualifies as a "serious violent felony" for purposes of 18 U.S.C. § 3559(c)(1).  See id.  In addition, as of the time the subject sentence was imposed, defendant "ha[d] been convicted" of violating 18 U.S.C. § 2113, i.e., a "serious violent felony," on two "separate prior occasions," and "those convictions ha[d] become final."  See 18 U.S.C. § 3559(c)(1).

In sum, as defendant was not sentenced pursuant to the residual clause of the ACCA, nor pursuant to any other residual clause, but rather pursuant to a provision of the

2

three-strikes law enumerating the applicable predicate felonies, any claim challenging defendant's sentence as unconstitutional under Johnson would be without merit.  Under such circumstances, the Court finds defendant is not entitled to appointment of counsel.  See 18 U.S.C. § 3006A(a)(2)(B) (providing court may appoint counsel for indigent defendant seeking relief under § 2255 only where "the interests of justice so require").

Accordingly, the Court will take no further action on the matter.

**IT IS SO ORDERED.**

Dated:  August 9, 2016

MAXINE M. CHESNEY
United States District Judge