IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>FREDERICK LIM JOHNSON,<br>    Defendant. | Case No. 08-cr-00251-MMC-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO CORRECT CLERICAL ERROR IN THIRD AMENDED JUDGMENT PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 36; DENYING UNITED STATES'S MOTION TO CORRECT CLERICAL ERROR REGARDING RESTITUTION STATUTORY LANGUAGE** |

Before the Court is defendant Frederick Lim Johnson's ("Johnson") "Motion to Correct Clerical Error in Third Amended Judgment Pursuant to Federal Rule of Criminal Procedure Rule 36," filed July 11, 2023, wherein said defendant asks the Court to substitute, in Section F of the Schedule of Payments in the Third Amended Judgment, the phrase "at the rate of $25 per quarter" for the phrase "at the rate of not less than $25 per quarter." (See Dkt. No. 236.) On July 11, 2023, the government filed a "Response to Defendant's Motion and Motion to Correct Clerical Error Regarding Restitution Statutory Language," wherein the government states it has no objection to Johnson's motion, but also renews an earlier-filed motion to add the following language to Section F:

> "Notwithstanding any payment schedule set by the court, the United States Attorney's Office may pursue collection through all available means in accordance with 18 U.S.C. §§ 3613 and 3664(m)."

(See Dkt. No. 237.)[1] On July 12, 2023, Johnson filed an objection to the government's

---

[1] In its "Further Request for Clarification of Judgment Regarding Restitution," filed June 12, 2023 (see Dkt. No. 232), the government previously sought the same

renewed motion.  (See Dkt. No. 238.)  The Court, finding good cause has been shown for Johnson's motion, and, having read and considered the papers filed in support of and in opposition to the government's motion, rules as follows.

The Court, in issuing the subject Amended Judgment, did not, by including therein a payment schedule, intend to preclude or in any way restrict the government's existing statutory right to pursue civil enforcement of restitution, nor was the Court given at that time any reason why its order would have any such limiting effect.  Nevertheless, the Court denied the government's initial motion without prejudice to refiling, upon a showing of new facts or law supporting the addition of the above-referenced language.  As Johnson points out, however, "the government has proffered no previously unknown facts or legal authority to justify [its] renewed request or to justify a change in this Court's decision."  (See Dkt. No. 238 at 2:26-27.)  Indeed, the government has offered nothing new.

Accordingly, Johnson's Motion to Correct is hereby GRANTED, and the government's Motion to Correct is hereby DENIED.

**IT IS SO ORDERED.**

Dated: July 13, 2023

MAXINE M. CHESNEY
United States District Judge

---

amendment, which the Court denied (see Dkt. No. 234).